## BENJAMIN F. GOODSPEED v. EDWARD and WILLIAM ROBINSON.

To enable a broker to recover from a vendor of real property commissions upon the sale, he must show, not only an agency in effecting the sale, but also that he was employed by the vendor to negotiate it.

Where, in an action by a broker against a vendor of real property, the only evidence was, that plaintiff negotiated the sale, that the contract was drawn up and signed in the plaintiff's office, the defendants being present at the time, and that the defendants had stated to plaintiff that he must get his commissions from the purchaser—*Held*, that there was no evidence of an employment of plaintiff by defendants, and that a judgment in favor of plaintiff for commissions was erroneous.

APPEAL by defendants from a judgment of the Sixth District Court. The action was brought to recover broker's commissions on the sale of three lots of land, formerly the property of defendants. The sale-price of the land was $9,000, on which the plaintiff claimed one per cent. commissions. It was admitted that this was a reasonable brokerage, if any was due.

The only evidence, on the trial, was the testimony of the pur-

chaser. He testified that he bought the land through the agency of the plaintiff, and that it was entirely through him that the negotiation was carried on. He further stated, that the plaintiff was a real estate broker ; that the contract of sale was signed in plaintiff's office, defendants being there at the time. He further stated, on cross-examination, that plaintiff once told him that defendants said he (plaintiff) must get his commissions from witness, and that witness said, in reply, that he would not pay them, that he left it with plaintiff to get the lots at a certain price, and plaintiff afterwards told him he could not get defendants down to his figure within $500; that witness then told plaintiff he would give $9,000, and he finally bought them at that price.

Defendants moved to dismiss the case for want of proof that defendants agreed to pay commissions. The motion was denied, and judgment rendered for the plaintiff.

*Mott and Cary*, for the appellants.

*William R. Martin*, for the respondent.

INGRAHAM, FIRST JUDGE.—The plaintiff has recovered against the defendants for commissions on the sale of real estate as a broker. To enable the plaintiff to recover, he should show an employment by the defendants, and his agency in effecting the sale. Upon the latter point there is no dispute; but the defendants appeal on the ground that there is no proof of such employment. The evidence relied on to establish this fact consisted of the evidence of only one witness. His testimony being uncontradicted, it became a matter of law whether the facts sworn to showed such agency. I am of the opinion they did not, and that the judgment is therefore erroneous. The only facts in evidence are, the sale by the plaintiff, the drawing of the contract in the plaintiff's office, the defendants' presence at the time, and their signing of the contract, and the statement of defendants that the plaintiff must get his commissions out of the purchaser. I do

not see in these facts anything to warrant the conclusion that the defendants ever employed the plaintiff. Their presence and signature to the contract drawn by the plaintiff are not inconsistent with the supposition that plaintiff was agent for the defendants, and the caution shown by the defendants as to the payment or the commission, and the testimony of the purchaser that he left it with the plaintiff to get the lots at a certain price, with the attempt on the defendants to reduce their price to a sum proposed by the purchaser, rather show an agency for the purchaser than the defendants. Attempting to reduce the defendants' price for the benefit of the purchaser is inconsistent with the duty the plaintiff owed to the vendor if he was his agent, while the whole evidence is perfectly consistent with the supposition that the plaintiff acted as agent for the defendants.

Judgment reversed.